Michael N. Anhar
3183 Kendra Ct.
Turlock, CA, 95382-1335
P: (209) 669-3909
michael.anhar@gmail.com
*Plaintiff, Self-Represented*



FILED
JUN 17 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

For the Eastern District of California

Fresno Division

| | |
|---|---|
| **Michael N. Anhar,**<br><br>　　　　Plaintiff;<br><br>v.<br><br>**Citibank, N.A.,** subsidiary of bank holding company Citigroup Inc.<br><br>　　　　Defendant. | Case No. 1:19-cv-00496-LJO-EPG<br><br>**Notice of Motion and Motion to Screen Complaint and Authorize Summons and Service**<br><br><u>Hearing</u><br>Date:<br>Time:　　HEARING WAIVED/<br>Ctrm.:　　NOT APPLICABLE<br>Judge: |

TO THE HON. MAG. JUDGE ERICA P. GROSJEAN:

PLEASE TAKE NOTICE THAT *pro-se* IFP Plaintiff Michael N. Anhar moves the Court to screen his Complaint under 28 U.S.C. § 1915(e)(2) and authorize and direct summons and service accordingly. This motion is made in the interest of justice in order to allow Mr. Anhar's case to move forward.

1     Mr. Anhar filed his Complaint and IFP application on 04/17/19.
2 (ECF No. 1; 2.) The following week on 04/23/19, the Court granted IFP,
3 establishing that Mr. Anhar's "complaint will be screened in due course and
4 Plaintiff will be served with the resulting order." (ECF No. 4.) Mr. Anhar
5 continues to await that order patiently. Yet he's also mindful that it's been
6 57 days since he filed his Complaint and that under Rule 4(m), by the time
7 the relief requested here is granted, he'll have perhaps far less than 33 days to
8 get a summons from the Clerk and then coordinate with the U.S. Marshals to
9 effect service on Defendant Citibank at its New York headquarters.

10     Mr. Anhar is further mindful that under 15 U.S.C. § 1640(e), the SOL
11 attached to the TILA/FCBA causes of action he alleges in his Complaint
12 expires within "one year from the date of the occurrence of the violation[s]."
13 If calculated from Citibank's first violation (versus its most recent violation),
14 this SOL will expire 09/24/19, in just over three months. So if Mr. Anhar's
15 Complaint effectively dies for lack of service and he's forced to re-file, he
16 may be barred from brining numerous causes he alleges, fundamentally
17 depriving him of his right to redress.

18     On 06/10/19, Mr. Anhar emailed Deputy Rooney a "Status Request"
19 re not only his Complaint but also his two other filings currently pending
20 before the Court—his Motion to Use CM/ECF (filed 05/06/19, ECF No. 7)
21 and Request to Seal Documents (submitted 06/03/19 directly to the Court).
22

The next day on 06/11/19, not having received a reply, Mr. Anhar followed up with a short second email to Deputy Rooney. The next day on 06/12/19, Deputy Rooney replied with the Court's same-day Minute Order, which among other things falsely accuses Mr. Anhar of contacting Deputy Rooney "twice in 24 hours." (ECF No. 8.) Gmail timestamps independently and credibly prove Mr. Anhar's first email was sent "Jun 10, 2019 at *4:50 PM*" and his second "Jun 11, *6:05 PM*." (Ex. A.) The emails are clearly separated by *more* than 24 hours, consistent with widely accepted business etiquette.[1]

Further, Mr. Anhar's second email, which again, he sent as a follow up only because he didn't receive a reply to his first email, is very *brief* and *polite*. So it's inexplicable and unfortunate that the Court felt it sensible to scold Mr. Anhar by repaying his courtesy and commitment with the severe threat that "if Plaintiff continues to contact the Courtroom Deputy via email, Plaintiff's email address will be blocked."

The language used by the Court is built on a strawman that suggests Mr. Anhar's mere two short, civil, and well-spaced emails are somehow abusive and that that implied abuse will continue if unchecked. Mr. Anhar isn't an impetuous child or impudent ogre. He's a 41-year-old profoundly considerate man who, *inter alia*, is a former adjunct professor, past national research presenter, published author, owner of two prior businesses, and he's

---

[1] *See, e.g.*, Quentin Fottrell, *This Is How Fast You Should Reply to Work Emails*, MarketWatch (5:24 p.m., Jun. 12, 2019), https://tinyurl.com/email-reply-etiquette.

been a long-term but unpaid patient advocate and caregiver for numerous family members. He's gone to painstaking lengths to meet or exceed the expectations of the federal court system and has done nothing to justify the Court's threatening to deprive him of the right to contact the Deputy on fear of being banned, which on its face is absurd and overreactive.

Ultimately, the Court's Minute Order, and seemingly the mentality behind it, is hostile and chilling. Mr. Anhar wonders what egregious thing he's done to earn the Court's misplaced contempt, as the record shows he's done no such thing. He questions how fitting it is for the Court to make a false accusation against him and to threaten to silence him—a *pro-se* litigant to boot, particularly in the context of Canon 3(A)(3) of the Code of Conduct for United States Judges, and Rule 4(a)(2)(B) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, as published in the judicial misconduct section of the Ninth Circuit's website.[2]

If the Court's goal was simply to tell Mr. Anhar that his inquiry is appropriately addressed not via email to Deputy Rooney but via filings with the Clerk, then it could/should have said just that, without publicly imbruing his character and creating the appearance of judicial bias. And now that he's spoken up, would Mr. Anhar be wise to fear more dressings down? Is the Court now prejudiced against him? Will the Court retaliate or be punitive?

---

[2] *See* https://www.ca9.uscourts.gov/content/view_jm.php?pk_id=0000000920.

Mr. Anhar is aware of "the impacted nature of the civil case docket."[3] But he's determined—through sheer tenacity and diligence, if nothing else—to avoid falling pray to the impending "inaccessibility to the Federal Courts by the more than 8 million people who reside within the Eastern District."[4] Thus, Mr. Anhar asks the Court for its prompt and favorable screening of his Complaint, allowing his case to move forward by authorizing and directing the Clerk to issue summons and the U.S. Marshals to serve process. Likewise, Mr. Anhar patiently continues to await the Court's order on his Motion to Use CM/ECF, as well as his Request to Seal Documents. And if he must, Mr. Anhar prays for the Court to be merciful, for its good graces to shine upon him, and for its whims to be just and favorable while it "faithfully and impartially discharge[s] and perform[s] all the duties incumbent upon [it] ... under the Constitution and laws of the United States."[5]

Dated: June 13, 2019

MICHAEL N. ANHAR
*Plaintiff, Self-Represented*

---

[3] Erica P. Grosjean, *Standard Procedures for U.S. Magistrate Judge Erica P. Grosjean* 2, https://tinyurl.com/epg-standard-procedures

[4] Lawrence J. O'Neill et al., *An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis* 1, https://tinyurl.com/caseload-crisis

[5] 28 U.S.C. § 453

# Exhibit A



**Michael Anhar <michael.anhar@gmail.com>**

## Re: Status Request (1:19-cv-00496-LJO-EPG)
1 message

**Michael Anhar** <michael.anhar@gmail.com>            Tue, Jun 11, 2019 at 6:05 PM
To: mrooney@caed.uscourts.gov

Hello Ms. Rooney:

Just reaching out again. Thank you.

Looking forward,
Michael N. Anhar
3183 Kendra Ct.
Turlock, CA, 95382-1335
P: (209) 669-3909
michael.anhar@gmail.com
Plaintiff, Self-Represented


On Mon, Jun 10, 2019 at 4:50 PM Michael Anhar <michael.anhar@gmail.com> wrote:

Hello Ms. Rooney:

I'm the *pro-se* IFP plaintiff in the above-referenced case. I currently have pending before the Court my Verified Civil Complaint (ECF No. 1), Motion to Use CM/ECF (ECF No. 7), and Request to Seal Documents (submitted to Mag. Judge Grosjean's proposed orders email box). The issue is that I haven't received an order on any of these papers. Of course, the most pressing is my complaint, which the Court has yet to screen under 28 U.S.C. § 1915(e)(2). (*See* ECF No. 4.)

I realize the civil docket is impacted, but under Rule 4(m), as of this email, my complaint remains viable for only 36 more days. That's all the time I have left to get the judge's order allowing my case to proceed, as well as her authorization to the Clerk to issue summons and her authorization to the U.S. Marshals to serve process accordingly. Besides, if my complaint "expires" and I'm forced to refile, I'll be coming up against an SOL in the next three months or so on my causes of action, which would fundamentally deprive me of my right to redress under federal law. (*See* 15 U.S.C. § 1640(e).)

Please provide some insight and guidance here.

Looking forward,
Michael N. Anhar
3183 Kendra Ct.
Turlock, CA, 95382-1335
P: (209) 669-3909
michael.anhar@gmail.com
Plaintiff, Self-Represented