# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL N. ANHAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITIBANK, N.A.,<br>subsidiary of bank holding company<br>Citigroup Inc.,<br><br>　　　　Defendant. | Case No. 1:19-cv-00496-LJO-EPG<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS<br><br>(ECF No. 20) |

Plaintiff, Michael N. Anhar, is proceeding *pro se* and *in forma pauperis*, in this action alleging claims against Defendant, Citibank, N.A., for breach of contract, violations of the Truth in Lending Act, and violations of the Fair Credit Billing Act. (ECF No. 1.) On December 16, 2019, Plaintiff filed a "Notice of Request to Seal Documents," which the Court interprets as a motion to seal. (ECF No. 20.) In the motion, Plaintiff requests that the Court seal his application to proceed *in forma pauperis*, which he filed on April 17, 2019. The Court denies the motion.

All documents filed with the Court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

1

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point for this Court's inquiry. *Id.* (citations omitted).

Here, Plaintiff states that his request "is made in the interest of privacy." However, Plaintiff's *in forma pauperis* application contains information no more private than any of the other *in forma pauperis* applications that are regularly publicly filed with this Court. Plaintiff points to no specific need to keep the information in his application private that does not apply to most if not all other *in forma pauperis* applicants. Further, the Court notes that Defendant Citibank, N.A., has the right to challenge Plaintiff's *in forma pauperis* status.

Plaintiff also cites to the E-Government Act of 2000, Federal Rule of Civil Procedure 5.2(d), and California Government Code § 68633(f) in support of is request. These provisions do not support granting Plaintiff's request.

Section 205(c)(3) of the E-Government Act of 2002, Public Law 107-347, "requires the Supreme Court to prescribe rules 'to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically'"; and Federal Rule of Civil Procedure 5.2 was adopted to comply with that requirement. Fed. R. Civ. P. 5.2 advisory committee's note.

Federal Rule of Civil Procedure 5.2(d) provides: "Filings Made Under Seal. The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Thus, Rule 5.2(d) authorizes, but it does not require or support, granting Plaintiff's request to seal his *in forma pauperis* application.

Finally, California Government Code § 68633 addresses applications for an initial fee waiver in state court; it is inapplicable to applications to proceed *in forma pauperis* in federal court.

For the foregoing reasons, Plaintiff's request to seal his application to proceed *in forma pauperis* (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: **December 17, 2019**

/s/ Eric P. Grojean
UNITED STATES MAGISTRATE JUDGE