```
1    Michael N. Anhar
     3183 Kendra Ct.
2    Turlock, CA, 95382-1335
     Tel.: (209) 669-3909
3    michael.anhar@gmail.com
     *Plaintiff, Self-Represented*
4
```

UNITED STATES DISTRICT COURT

For the Eastern District of California

Fresno Division

| | |
|---|---|
| **Michael N. Anhar**, | Case No. 1:19-cv-00496-LJO-EPG |
| Plaintiff; | **Objections to Magistrate Judge's Order Denying Plaintiff's Request To Seal Documents** |
| v. | |
| **Citibank, N.A.**, | (ECF No. 21) |
| Defendant. | |

Plaintiff, Michael N. Anhar, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil action. (ECF No. 1; 2.) On 12/16/19, Pl. Anhar filed a "Notice of Request to Seal Documents" per the expressed language used in L.R. 141(b) for such requests. (ECF No. 20.) In his request, Pl. Anhar asked the Court to seal his IFP application, which he conventionally filed 04/17/19 and which the Court granted 04/23/19. (ECF No. 2; 4.) On 12/18/19, the Court denied Pl. Anhar's Request to seal his IFP application. Now, under

Fed. R. Civ. P. 72(a), Pl. Anhar objects to that denial and asks the district judge to review and modify or set aside that order, in whole or in part, as it "is clearly erroneous or is contrary to law."

In its order, the Court asserted that documents filed with the court are presumptively public. (*See* ECF No. 21 1:26–2:5.) Namely, the Court wrote, "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point for this Court's inquiry." (*Id.* 2:4) (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).) Pl. Anhar contends the Court erred in assuming fee-waiver applications aren't customarily confidential.

Section 205(c)(3)(A)(i) of the E-Government Act of 2002[1] charges the Supreme Court with creating rules "to protect privacy and security concerns relating to … the public availability … of documents filed electronically" or of documents filed in paper form and converted to electronic form under (c)(1). Those "rules *shall* take into consideration best practices in Federal *and State courts* to protect private information or otherwise maintain necessary information security." (*Id.* (c)(3)(A)(iii)) (emphasis added.) As he alluded to in his Notice (ECF No. 20) and Request, despite this matter being in federal court, it's clearly reasonable if not advisable for this lower court to follow the

---

[1] Pub. L. No. 107–347, 116 Stat. 2899, 2914 (2002).

example of the Supreme Court by looking to the California Courts and recognizing that fee-waiver applications there are, by default, inherently and invariably treated as confidential. (*See* Cal. Gov't. Code § 68633(f)):

> Financial information provided by an applicant shall be kept confidential by the court. No person shall have access to the application except the court, authorized court personnel, and any person authorized by the applicant. No person shall reveal any information contained in the application except as authorized by law. Any hearing regarding whether to grant or deny a fee waiver request shall be held in camera, and the court shall exclude all persons except court staff, the applicant, those present with the applicant's consent, and any witness being examined. The fact that an applicant's fees and costs have been initially waived and the amount of the waived fees and costs are not confidential. The Judicial Council shall adopt procedures to keep the financial information confidential and to consider a request seeking that confidential information.

(*see also* Cal. Rules of Ct., rule 3.54, re trial courts):

> No person may have access to an application for an initial fee waiver except the court and authorized court personnel, any persons authorized by the applicant, and any persons authorized by order of the court. No person may reveal any information contained in the application except as authorized by law or order of the court.

(*see also* rule 8.26(g), re Courts of Appeal) (*accord* rule 8.818(f), re superior court appellate divisions):

> (1) No person may have access to an application for an initial fee waiver submitted to the court except the court and authorized court personnel, any persons authorized by the applicant, and any persons authorized by order of the court. No person may reveal any information contained in the application except as authorized by law or order of the court. An order granting access to an application or financial information may include limitations on who may access the information and on the use of the information after it has been released.
>
> (2) Any person seeking access to an application or financial information provided to the court by an applicant must make the request by motion, supported by a declaration showing good cause as to why the confidential information should be released.

Given all the above, it's undeniable there's a *manifest* tradition in the California Courts (to say nothing of numerous other public agencies), to treat fee-waiver applications as inherently and invariably confidential by default. Again, Pl. Anhar understands the present matter is before a federal court, not a California court. But he'd argue the fact that federal courts haven't yet adopted an *automatic* procedure to keep fee-waiver applications confidential shouldn't be viewed as a rationale for not sealing such an application upon a specific and affirmative request to do so, as is the case here.

Next, the Court suggests in its denial that Pl. Anhar's Request was premised on the false idea that his IFP application contained information that was "more private than any of the other *in forma pauperis* applications that

are regularly publicly filed with this Court." The Court erred in drawing this conclusion, which served as both a strawman and an appeal to hypocrisy. Pl. Anhar didn't and doesn't assert his IFP application contains data that are *more* private; only data that *are* private—something the court implicitly acknowledged. Under the Fourth Amendment, Pl. Anhar has a right to be secure in his papers. But he cannot be so secure when, despite his specific request to the contrary, the Court allows unfettered arbitrary global access to his personal financial information.

Lastly, any specific right Def. Citibank has "to challenge Plaintiff's *in forma pauperis* status" wouldn't be waived or prejudiced by sealing his IFP application. (ECF No. 21 2:11.)

Because Pl. Anhar's IFP application contains private information; because he made a specific request to seal that application; because sealing that application wouldn't prejudice the administration of justice; because there's a manifest tradition in and out of the courts of keeping fee-waiver applications confidential; and because under Fed. R. Civ. P. 5.2(d), "the court may order that a filing be made under seal without redaction …," Pl. Anhar's Request to seal should've been, and should be, granted.

Dated: Dec. 18, 2019

MICHAEL N. ANHAR
*Plaintiff, Self-Represented*