# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL N. ANHAR,<br><br>  Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br>subsidiary of bank holding company<br>Citigroup Inc.,<br><br>  Defendant. | Case No. 1:19-cv-00496-LJO-EPG<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION RE MAGISTRATE JUDGE'S RULING ON REQUEST TO SEAL IN FORMA PAUPERIS APPLICATION<br><br>(ECF No. 22) |

Plaintiff, Michael N. Anhar, is proceeding *pro se* and *in forma pauperis*, in this action alleging claims against Defendant, Citibank, N.A., for breach of contract, violations of the Truth in Lending Act, and violations of the Fair Credit Billing Act. (ECF No. 1.) On December 16, 2019, Plaintiff filed a "Notice of Request to Seal Documents" (ECF No. 20), a non-dispositive request the assigned magistrate judge addressed pursuant to Local Rule 302(c)(1) and treated as a motion to seal. (ECF No. 21.) In the motion, Plaintiff requested that the Court seal his application to proceed *in forma pauperis*. The magistrate judge denied the motion, starting with the premise that all documents filed with the Court are presumptively public and reasoning, generally, that Plaintiff presented no authority to justify sealing under the circumstances. *See id*.

Plaintiff has now filed "objections" to the magistrate judge's ruling (ECF No. 22), which this Court interprets as a motion for reconsideration pursuant to Local Rule 303(b) (explaining procedures for seeking reconsideration from any pretrial ruling by a magistrate judge issued pursuant to Local Rule 302). As Local Rule 303(f) explains, "[t]he standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."

Plaintiff points out, correctly, that the magistrate judge reasoned that there is a strong presumption in favor of access, unless a particular record is one that is "traditionally kept secret." (ECF No. 22 (citing ECF No. 21 at 2).) Among other things, Plaintiff suggests that California rules requiring that fee-waiver applications be kept confidential are evidence that such applications are "traditionally kept secret." (ECF No. 22 at 2-4.) While this is not a facially absurd argument, it is equally reasonable to assume that the California rules were promulgated exactly because such applications are <u>not</u> traditionally kept secret. There are reasons why this might be the case. For one, *in forma pauperis* applications call upon this Court to determine whether <u>public</u> funds should be expended to waive Court fees.

In sum, having reviewed the motion for reconsideration in light of the entire record, the Court cannot conclude that the magistrate judge committed clear error.

For the foregoing reasons, Plaintiff's request for reconsideration of the magistrate judge's ruling is DENIED.

IT IS SO ORDERED.

Dated:  **December 19, 2019**          /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE