Michael N. Anhar
3183 Kendra Ct.
Turlock, CA, 95382-1335
Tel.: (209) 669-3909
michael.anhar@gmail.com
*Plaintiff, Pro Se*

UNITED STATES DISTRICT COURT

For the Eastern District of California

Fresno Division

| | |
|---|---|
| **Michael N. Anhar**, <br><br> Plaintiff; <br><br> v. <br><br> **Citibank, N.A.**, <br><br> Defendant. | Case No. 1:19-cv-00496-LJO-EPG <br><br> **Notice of Motion and Motion to Correct Due Date of Defendant's Answer from 03/09/20 to 02/11/20; Memorandum of Points and Authorities** <br><br> Date:    02/28/20 (Fri.) <br> Time:   10:00 a.m. <br> Ctrm.:   10 (Floor 6) <br> Judge:  Erica P. Grosjean |

### I. NOTICE AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on/at the above date/time, or as soon thereafter as the matter can be heard in the above courtroom of the above court located at 2500 Tulare Street, Fresno, California, 93721-1321, Plaintiff

1  will and does move the Court to correct the due date of Defendant's answer
2  from 03/09/20 to 02/11/20, as prescribed by Fed. R. Civ. P. 4(d)(3).
3      This motion is based on this Notice and Motion, the accompanying
4  Memorandum of Points and Authorities, all the papers, files, and records of
5  this case, any further evidence that may be presented at the hearing on this
6  motion or at any point permitted thereafter, and on any further matters as the
7  Court deems appropriate.

Dated: Jan. 28, 2020

_____
MICHAEL N. ANHAR
*Plaintiff, Pro Se*

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### a. Introduction

Plaintiff, Michael N. Anhar, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil action against Defendant, Citibank, N.A. ("Citibank") for breach of contract, violations of the Truth in Lending Act ("TILA"), and violations of the Fair Credit Billing Act ("FCBA").

On 12/10/19, this Court directed the U.S. Marshal "to notify [Citibank] of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c)." (ECF No. 18, 2:1 [¶3].)

On **12/13/19**, the U.S. Marshal did as directed and notified Citibank of this lawsuit and requested a waiver of service. (ECF No. 26.)

On **01/09/20**, Citibank executed the waiver and returned it to the U.S. Marshal, which the U.S. Marshal received back on 01/13/20 and filed on 01/24/20. (ECF No. 26.)

On 01/27/20, Pl. Anhar received a CM/ECF message saying the due date of Citibank's answer is 03/09/20. But under Fed. R. Civ. P. 4(d)(3), this due date is incorrect, as the clerk calculated it from the date the waiver was *returned* by Citibank (01/09/20), not the date it was *requested* by the U.S. Marshal (12/13/19). (ECF No. 26.) The correct due date of Citibank's answer is 02/11/20—60 days after the U.S. Marshal requested the waiver.

### b. Argument

#### i. *Citibank's answer is due 60 days after the U.S. Marshal requested the waiver of service, not 60 days after Citibank returned that waiver.*

Fed. R. Civ. P. 4(d)(3), in full, provides, "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until *60 days after the request was sent*–or until 90 days after it was sent to the defendant outside any judicial district of the United States." (Emphasis added.) It's also helpful to examine the sample language (for giving defendants notice of lawsuits and requesting waivers of service) that appears below Rule 4 under the heading "Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons." There, it's made even clearer that a defendant who returns a signed waiver "will have *60 days from the date this notice is sent* … to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States)." (Emphasis added.)

Here, the U.S. Marshal sent Citibank the notice of this lawsuit and request to waive service on 12/13/19. Citibank is inside the judicial district of the U.S. and timely returned the signed waiver. Accordingly, sixty days from the date the U.S. Marshal sent the notice and request is 02/11/20, not 03/09/20. Thus, Citibank's answer is due 02/11/20, not 03/09/20 as currently noted on the docket. The docket should be corrected to reflect this.

### c. Conclusion

Given all the above, it's clear the due date of Citibank's answer was miscalculated—instead of being calculated from the date the U.S. Marshal requested the waiver of service, it was calculated from the date Citibank returned that waiver. Thus, Pl. Anhar asks the Court to issue an order correcting the due date of Citibank's answer from 03/09/20 to 02/11/20.

Dated: Jan. 28, 2020

MICHAEL N. ANHAR
*Plaintiff, Self-Represented*