1  Marcos D. Sasso
   sassom@ballardspahr.com
2  BALLARD SPAHR LLP
   2029 Century Park East, Suite 800
3  Los Angeles, CA  90067-2909
   Telephone: 424.204.4400
4  Facsimile: 424.204.4350

5  Attorneys for Citibank, N.A.

6

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

11 MICHAEL N. ANHAR,                    Case No. 1:19-CV-00496-NONE-EPG

12                    Plaintiff,
                                        **NOTICE OF MOTION AND**
13         v.                           **MOTION TO DISMISS**
                                        **PLAINTIFF'S COMPLAINT;**
14 CITIBANK, N.A.,                      **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES**
15                    Defendant.
                                        **Hearing**:
16                                      Date:   March 20, 2020
                                        Time:   10:30 a.m.
17                                      Courtroom:  4

18                                      Complaint Filed: April 17, 2019
                                        Trial Date:        None
19

20

21

22

23

24

25

26

27

28

DMWEST #39840078 v4

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on March 20, 2020, at 10:30 a.m. or as soon as this matter may be heard in this Court located at 2500 Tulare Street, Fresno, CA 93721, Courtroom 4, Defendant Citibank, N.A., will and hereby does move for an Order dismissing the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

Plaintiff Michael N. Anhar's Truth in Lending Act, Fair Credit Billing Act, and breach of contract claims against Citibank in his Complaint fail to state a claim for which relief may be granted as to Citibank and should be dismissed in their entirety.  Moreover, in the event Plaintiff's TILA and FCBA claims are dismissed, the Court should decline to exercise jurisdiction over Plaintiff's state law breach of contract claim.  Therefore, Citibank respectfully requests that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

DATED: February 11, 2020

**BALLARD SPAHR LLP**
MARCOS D. SASSO

By:  */s/ Marcos D. Sasso*
Marcos D. Sasso
Attorneys for Defendants
CITIBANK, N.A.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ....................................................................................1

II.    STATEMENT OF FACTS.......................................................................2

III.   LEGAL ARGUMENT ...........................................................................4

    A.     Legal Standard ...........................................................................4

    B.     Plaintiff's Complaint Should Be Dismissed for its Failure to State a Short and Plain Statement of the Claim. ...............................5

    C.     Plaintiff's TILA Claims Should Be Dismissed Pursuant To Rule 12(b)(6). ..................................................................................6

          1.     Claims 2 Through 8 Must be Dismissed. ...........................7

          2.     Claim 9 Should Be Dismissed Because the Complaint Does Not Reference an Extension of Credit...........................10

          3.     Plaintiff's TILA Claims For Actual Damages Fail Because Plaintiff Cannot Demonstrate Detrimental Reliance Or Causation. ....................................................................10

          4.     Plaintiff Is Not Entitled To Statutory Damages For Violation of 15 U.S.C. § 1637(b)(2) and (3). .........................11

          5.     Plaintiff's TILA Claims Fail Under 15 U.S.C. § 1640(g) Because Plaintiff Seeks Multiple Recoveries For a Single Disclosure Violation. ....................................................12

    D.     Plaintiff's FCBA Claims Should Be Dismissed Because he has not Alleged the Existence of a Billing Error........................13

    E.     Plaintiff's Breach of Contract Claim Should be Dismissed. ..............14

IV.   CONCLUSION .....................................................................................16

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

i

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson Bros. Ford v. Valencia*,
    452 U.S. 205 (1981) ............................................................................. 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................. 4

*Ayala v. Am. Express Travel Related Servs. Co., Inc.*,
    2009 U.S. Dist. LEXIS 50210 (D.P.R. 2009) ................................... 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................. 4

*Briones v. Riviera Hotel & Casino*,
    116 F.3d 379 (9th Cir. 1996) ............................................................... 5

*Brown v. Payday Check Advance, Inc.*,
    202 F.3d 987 (7th Cir. 2000) ............................................................. 12

*Cadmus v. Commercial Credit Plan*,
    437 F. Supp. 1018 (D. Del. 1977) ..................................................... 13

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343, 108 S. Ct. 614, 98 L.Ed.2d 720 (1988) ....................... 16

*Cunningham v. Bank One*,
    487 F. Supp. 2d 1189 (W.D. Wash. 2007) ........................................ 13

*Daniel v. Chase Bank USA, N.A.*,
    650 F. Supp. 2d 1275 (N.D. Ga. 2009) ........................................ 13, 14

*Esquibel v. Chase Manhattan Bank USA, N.A.*,
    276 Fed. App'x. 393 (5th Cir. 2008) ................................................. 13

*Ford Motor Credit Co. Milhollin*, 444 U.S. 555 (1980) .......................... 13

*Exec. Software v. U.S. Dist. Ct.*,
    24 F.3d 1545 (9th Cir. 1994) ............................................................. 16

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Gensmer v. Capital One N.A.*,
     No. 18-0361-WS-M 2018 U.S. Dist. LEXIS 211887
     (S.D. Ala. Dec. 17, 2018) ............................................................. 11, 12

*Gibson v. Bob Watson Chevrolet-GEO, Inc.*,
     112 F.3d 283 (7th Cir. 1997) ............................................................ 9

*Gold Country Lenders v. Smith (In re Smith)*,
     289 F.3d 1155 (9th Cir. 2002) ......................................................... 11

*Gray v. Am. Express Co.*,
     743 F.2d 10 (D.C. Cir. 1984) ........................................................... 13

*Gul v. Ctr. For Family Med.*,
     2009 SD 12 (2009) ............................................................................ 15

*Guthmiller v. Deloitte & Touche, LLP*,
     2005 SD 77 (2005) ............................................................................ 15

*HaloSongs, Inc. v. Sheeran*,
     No. SACV 16-1062 JVS (JCGx), 2017 U.S. Dist. LEXIS 214635
     (C.D. Cal. Jan. 13, 2017) .................................................................... 4

*Herman Family Revocable Tr. v. Teddy Bear*,
     254 F.3d 802 (9th Cir. 2001) ........................................................... 15

*Int'l Longshore & Warehouse Union v. Port of Portland*,
     844 F.3d 864 (9th Cir. 2016) ........................................................... 15

*King v. Atiyeh*,
     814 F.2d 565 (9th Cir. 1987) .............................................................. 5

*Marcotte v. GE Capital Servs.*
     709 F.Supp.2d 994 (S.D. Cal. 2010) ................................................. 6

*Marder v. Lopez*,
     450 F.3d 445 (9th Cir. 2006) .............................................................. 2

*McHenry v. Renne*,
     84 F.3d 1172 (9th Cir. 1996) .......................................................... 4, 6

*Musgrove v. Discover Fin. Servs.*,
     2014 U.S. Dist. LEXIS 117301 (S.D. Miss. Aug. 22, 2014) ............... 9

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

*Owner-Operator Indep. Drivers Ass'n v. Landstar Sys., Inc.*,
 622 F.3d 1307 (11th Cir. 2010) ................................................................ 11

*Perrone v. General Motors Acceptance Corp.*,
 232 F.3d 433 (5th Cir. 2000) .................................................................... 11

*Reeder v. HSBC USA, Inc.*,
 2009 U.S. Dist. LEXIS 114651 (N.D. Ill. Dec. 8, 2009) ....................... 8

*Rubino v. Circuit City Stores*,
 324 Ill. App. 3d 931, 758 N.E. 2d 1 (Ill. App. Ct. 2001) ..................... 9

*Schwartz v. HSBC Bank USA, N.A.*,
 2013 U.S. Dist. LEXIS 150507 (S.D.N.Y. Oct. 18, 2013) ................... 9

*Silva v. Barclays Bank Del.*,
 2014 U.S. Dist. LEXIS 156889 (D. Or. Oct. 14, 2014) ...................... 14

*Sneed v. Beneficial Fin. Co.*,
 410 F. Supp. 1135, 19 U.C.C. Rep. Serv. (CBC) 1223
 (D. Haw. 1976) .......................................................................................... 13

*Sprewell v Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001) ..................................................................... 4

*St. Germain v. Bank of Haw.*,
 573 F.2d 572 (9th Cir. 1977) ................................................................... 12

*Theriault v. FIA Card Servs., N.A.*,
 2008 U.S. Dist. LEXIS 112034, 2008 WL 2787465 (E.D. La. July
 17, 2008) ..................................................................................................... 14

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ..................................................................... 3

**Statutes**

Fed. R. Civ. P. 8 ................................................................................... 1,  5, 6

Fed. R. Civ. P. 8(a)(2) .............................................................................. 1, 4

Fed. R. Civ. P. 8(d)(1) .............................................................................. 4, 5

Fed. R. Civ. P. 12(b) .................................................................................... 4

iv

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Fed. R. Civ. P. 12(b)(6) ............................................................. 1, 3, 6, 13

15 U.S.C. § 1601, *et seq.* ................................................................. 1

15 U.S.C. §§ 1604(b) ........................................................................ 9

15 U.S.C. § 1637(b) ...................................................................... 6, 12

15 U.S.C. § 1637(b)(2) .................................................................. 6, 12

15 U.S.C. § 1637(b)(3) ........................................................ 6, 7, 8, 10, 12

15 U.S.C. § 1637(b (7)................................................................ 6, 7, 8, 9, 10

15 U.S.C. § 1640(a) ..................................................................... 11, 12

15 U.S.C. § 1640(f) .......................................................................... 9

15 U.S.C. § 1640(a)(1) ..................................................................... 11

15 U.S.C. § 1640(g) ........................................................................ 12

15 U.S.C. § 1666.................................................................... 1, 7, 13

15 U.S.C. § 1666(b)(1)–(7).............................................................. 13

28 U.S.C. § 1367(c)(1)–(4).............................................................. 15

28 U.S.C. § 1915(e)(2) ..................................................................... 2

**Other Authorities**

12 C.F.R. App. Pt. 1026 G................................................................ 9

12 C.F.R. App. Pt. 1026 G-18(F), (G)................................................ 9

12 C.F.R. Part 1026, Supp. I, cmt. § 1026.8(a) .................................. 8

12 C.F.R. § 1026.7(b)(3) .................................................................. 8

76 Fed. Reg. 79,767 (Dec. 22, 2011)................................................. 6

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Citibank, N.A. ("Citibank") hereby moves to dismiss Plaintiff Michael N. Anhar's ("Plaintiff") Complaint for failure to state a "short and plain statement of the claim" as required by Fed. R. Civ. P. 8, and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  Based upon the allegation that Citibank breached the card agreement governing Plaintiff's Citibank credit card account by failing to accept a cash payment at an ATM, Plaintiff purports to assert 24 claims for violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and Fair Credit Billing Act, 15 U.S.C. § 1666 ("FCBA"), as well as a single claim for breach of contract.  As discussed below, Plaintiff's claims fail as a matter of fact and law.

As an initial matter, the Complaint is replete with verbose, misleading, and redundant allegations that fail to meet the minimum pleading standards of Rule 8. Rather than adhere to this pleading standard, Plaintiff's Complaint takes 47 pages and 305 paragraphs to assert—what is at best—a breach of contract claim. Accordingly, the Complaint should be dismissed in its entirety for failing to state a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP Rule 8(a)(2).

Even if the Complaint did comply with the requirements of Rule 8(a)(2), the Complaint is deficient because it fails to allege a claim upon which relief can be granted, as required by Rule 12(b)(6).  Among other things, the Complaint fails to state a plausible claim for relief because: (1) Plaintiff does not, and cannot, meet his burden to demonstrate that any disclosures on his monthly credit card billing statements are inaccurate; (2) as a matter of law, Plaintiff cannot seek statutory damages for certain of the alleged TILA claims; (3) Plaintiff cannot demonstrate detrimental reliance as a result of any TILA disclosure violation; (4) Plaintiff cannot

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

obtain multiple recoveries for a single TILA disclosure violation; (5) Plaintiff has not alleged the existence of a "billing error" within the meaning of the FCBA; and (6) Plaintiff cannot establish any damage sufficient to state a breach of contract claim.

Accordingly, Citibank respectfully requests that the Court grant the Motion and dismiss the Complaint with prejudice.

## II.    STATEMENT OF FACTS

On April 17, 2019, Plaintiff filed a forty-seven page, 305-paragraph Complaint, purporting to allege twenty-five civil and twenty-five criminal violations of the Fair Credit Billing Act ("FCBA") and Truth in Lending Act ("TILA"), as well as a claim for breach of contract.  On September 24, 2019, pursuant to 28 U.S.C. § 1915(e)(2), the Court "screened" the Complaint, finding that "at the screening stage," Plaintiff's claims for civil violations of the TILA and FCBA, as well as his breach of contract claim, could proceed, but his claims for criminal violations of the TILA and FCBA must be dismissed with prejudice.  *See* ECF No. 11.

In the Complaint, Plaintiff alleges opening a Citibank credit card account (ending in 8417) in or about 2006 (the "Account").  Compl. ¶ 12.  Plaintiff alleges the Account is governed by a written card agreement, as amended from time to time (the "Card Agreement").  *Id.* ¶¶ 13–16.  Plaintiff alleges receiving the Card Agreement on or about October 23, 2016, and an amendment to the "cash-payment policy" on or about May 8, 2018.  *Id.*  Plaintiff further alleges receiving periodic billing statements from June 22, 2018 through March 22, 2019 (collectively, the "Monthly Statements").[1]  *Id.* ¶¶ 17–19, 32, 43 54, 78, 83, 90.

---

[1] The Monthly Statements, attached hereto as Exhibit 1, form the basis for Plaintiff's Claims and are referred to extensively throughout the Complaint.  As such, the Monthly Statements may be considered in ruling on this Motion to Dismiss.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding that a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

After receiving his August 2018 statement, Plaintiff allegedly attempted to make a cash payment of $120.00 on August 25, 2018 at a Citibank ATM, but was unable due to the fact that a previously-assessed finance charge caused his account to exceed his credit limit and become suspended. *Id.* ¶¶ 1, 6–7. Plaintiff contends the failure to accept the payment is a breach of the terms of the "cash-payment policy" in effect at the time. *Id.* ¶ 10. Rather than pay the Account by some other method (i.e., by mail, by phone, online, or by check or money order at any branch) prior to the due date, Plaintiff called Citibank, cancelled all of his accounts, and submitted a complaint to the Bureau of Consumer Financial Protection—all on or about August 25, 2018. *Id.* ¶¶ 9, 58–59, 61–62, 81, 85. Thereafter, from September 2018 through March 2019, Plaintiff allegedly submitted letters to Citibank regarding the Account and his August 25, 2018 transaction. *Id.* Plaintiff alleges submitting letters to Citibank—which Plaintiff characterizes as "billing error" disputes—in response to information disclosed on the Monthly Statements. *Id.* ¶¶ 18–91.

Based upon the foregoing, Plaintiff brings claims for breach of contract (Claim 1), criminal and civil violations of TILA (Claims 2 through 9), and criminal and civil violations of the FCBA (Claims 10 through 25).[2] *Id.* ¶¶ 92-305. Plaintiff seeks actual damages for each of the 25 "claims," statutory damages "under all 24 TILA/FCBA claims," statutory damages "under all 16 FCBA claims," punitive damages of $1,000,000.00 "under all 24 TILA/FCBA claims," and injunctive/declaratory relief regarding the Account balance and reporting of the Account by Citibank to the credit reporting agencies. *Id.* at p. 45–47 (Prayer).

_____

under Rule 12(b)(6)") (quotation omitted); *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003) (holding that incorporation by reference is proper when "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

[2] The Court dismissed the purported "criminal" claims with prejudice on November 14, 2019. *See* ECF No. 14; *see also* ECF No. 11.

DMWEST #39840078 v4

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### III.   LEGAL ARGUMENT

**A.   Legal Standard**

Federal Rule of Civil Procedure 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Dismissal is appropriate when, as here, the "complaint is so 'verbose, confused, and redundant that its true substance, if any, is well disguised.'"  *HaloSongs, Inc. v. Sheeran*, No. SACV 16-1062 JVS (JCGx), 2017 U.S. Dist. LEXIS 214635, at *3–4 (C.D. Cal. Jan. 13, 2017) (citing *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b), a court is not required to accept mere "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do").  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 678.  However, "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, while *pro se* complaints are liberally construed, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted)).  Indeed, "*pro se* litigants must

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

follow the same rules of procedure that govern other litigants." *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1996) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

As demonstrated herein, the Complaint, and each claim therein, should be dismissed.

**B.** **Plaintiff's Complaint Should Be Dismissed for its Failure to State a Short and Plain Statement of the Claim.**

As an initial matter, Plaintiff's Complaint should be dismissed in its entirety for failing to comply with the pleading requirements of Rule 8 by failing to set forth allegations in a "simple, concise, and direct" manner.  Fed. R. Civ. P. 8(d)(1). Rather than adhere to this pleading standard, Plaintiff's Complaint takes 47 pages and 305 paragraphs to assert—what is at best—a breach of contract claim.  Indeed, the Complaint characterizes this claim as the "substantial factor, if not sole factor," in allegedly causing him harm.  Compl. ¶ 98.  Instead, Plaintiff purports to assert twenty-five claims predicated upon the same alleged breach of contract, while simultaneously intertwining allegations of both criminal and civil statutory violations of the FCBA and TILA.  Each is predicated upon a series of verbose and redundant "allegations" that fail to meet the requirements of Rule 8.  Plaintiff's claims repeatedly call back to unspecific allegations spread haphazardly throughout the forty-seven pages of his Complaint as though each Claim contained clear references to Citibank's allegedly violative conduct.

Where, as here, a complaint "contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments," the complaint fails to meet the minimum requirements of Rule 8 and should be dismissed. *See e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Furthermore, as demonstrated below, each of Plaintiff's individual claims suffer from further defects and, as a result, are foreclosed as a matter of fact and law.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

C.   **Plaintiff's TILA Claims Should Be Dismissed Pursuant To Rule 12(b)(6).**

In Claims 2 through 9 of the Complaint, Plaintiff purports to assert claims for violation of TILA and, specifically, 15 U.S.C. § 1637(b)(2), (3), and (7).  TILA requires all credit-card companies to send out periodic billing statements for periods in which "there is an outstanding balance" or "with respect to which a finance charge is imposed."  *See* 15 U.S.C. § 1637(b); *Marcotte v. GE Capital Servs.* 709 F.Supp.2d 994, 998 (S.D. Cal. 2010).  As enacted by Congress, TILA granted the Board of Governors of the Federal Reserve System (the "Board") authority to promulgate regulations furthering the provisions of TILA; the Board exercised this power by enacting Regulation Z.  The authority to issue regulations pursuant to TILA was subsequently transferred to the Bureau of Consumer Financial Protection, which republished Regulation Z without imposing any new substantive obligations on persons subject to the previously enacted regulation.[3]

Plaintiff alleges that Citibank violated 15 U.S.C. § 1637(b)(2), (3), and (7), which provide:

(b) Statement required with each billing cycle.

The creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth each of the following items to the extent applicable:

. . . .

(2) The amount and date of each extension of credit during the period, and a brief identification, on or accompanying the statement of each extension of credit in a form prescribed by the Bureau sufficient to enable the obligor either to identify the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished, except that a creditor's failure to disclose such information in accordance with this paragraph shall not be deemed a failure to comply with this part or this subchapter if (A) the creditor maintains procedures reasonably adapted to procure and provide such information, and (B) the

---

[3] *See* Truth in Lending Act (Regulation Z), 76 Fed. Reg. 79,767 (Dec. 22, 2011).

creditor responds to and treats any inquiry for clarification or documentation as a billing error and an erroneously billed amount under section 1666 of this title. . . .

. . .

(3) The total amount credited to the account during the period.

. . .

(7) The balance on which the finance charge was computed and a statement of how the balance was determined.  If the balance is determined without first deducting all credits during the period, that fact and the amount of such payments shall also be disclosed.

As discussed below, Plaintiff's claims under TILA fail for multiple reasons.

**1.      Claims 2 Through 8 Must be Dismissed.**

Claims 2 through 8 are predicated upon alleged violations of 15 U.S.C. § 1637(b)(3) and (7).  Characterized as "Disregarding of Statement Requirements," Plaintiff asserts the same purported disclosure violation in each of seven monthly statements for the period from September 2018 to March 2019, i.e., that the disclosed monthly balance, which Plaintiff characterizes as a "credit," is not accurate based upon Citibank's alleged "breach of contract" by failing to accept Plaintiff's August 25, 2018 cash payment.  Compl. ¶¶ 99-140.  For the reasons set forth below, each Claim fails and must be dismissed.

***First***, Plaintiff's Section 1637(b)(3) claims fail as a matter of law because, by its clear terms, subsection (b)(3) applies only to "amount[s] ***credited*** to the account." Where, as here, a plaintiff argues that an amount was ***not credited*** to an account, the Section 1637(b)(3) claim fails and must be dismissed.  *See e.g.*, *Reeder v. HSBC USA, Inc.*, 2009 U.S. Dist. LEXIS 114651 (N.D. Ill. Dec. 8, 2009) (holding that section 1637(b)(3) is inapplicable when a plaintiff argues that an amount was ***not*** credited) (citing 15 U.S.C. § 1637(b)(3)).  Here, for each Claim, Plaintiff alleges Citibank "refused to set forth a [ ] credit to the account following Citibank's 8/25/2018 breach of contract."  (Compl. ¶¶ 99–140.)  Because each Claim is

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

predicated on a **non-credit**, Section 1637(b)(3) is inapplicable and each Claim must, therefore, be dismissed with prejudice.

**Second**, Plaintiff cannot state a plausible claim to relief because the supposed "credit" identified in each Claim is not a "credit" at all, but the amount of the "Previous Balance" listed on each monthly statement.  For example, in Claim 2, Plaintiff alleges a "$3,174.93 credit," but that is, in fact, the amount of the "Previous Balance" on the billing statement for the period ending September 24, 2018 (the "September 2018 Statement").  *See* Ex. 1 at 6.  The same is true for the subsequent months.  *See id.* at 8-19.  Under 15 U.S.C. § 1637(b)(3), as implemented by Regulation Z, periodic statements must identify any "credit" to the account, including the "amount and date of crediting."  *See* 12 C.F.R. § 1026.7(b)(3); *see also* 12 C.F.R. Part 1026, Supp. I, cmt. § 1026.8(a) (noting that the "term 'sale credit' refers to a purchase in which the consumer uses a credit card . . . to obtain goods or services from a merchant . . . .").  Nothing in TILA or Regulation Z supports the conclusion that "Previous Balance" means "credit," as Plaintiff suggests; therefore, Plaintiff cannot state a plausible claim for relief, and Claims 2 through 8 must be dismissed with prejudice.

**Third**, Plaintiff cannot predicate his Section 1637(b)(7) claim on the amount of the balance disclosed on his periodic statements because **the balance was listed correctly on the periodic statements**.  It is undisputed that Plaintiff refused to pay his Account by September 20, 2018—the payment due date listed on his August 2018 Statement (statement ending 8/22/2018) (*see* Ex. 1 at 4); hence, the account was past due and assessed interest and a late fee as reflected on the September 2018 Statement.  *See* Ex. 1, at 6–7.  Because the "total balance and interest costs were both accurately listed on the first page of each of his monthly statements," Plaintiff cannot state a plausible claim for relief under Section 1637(b)(7).  *See Schwartz v. HSBC Bank USA, N.A.*, 2013 U.S. Dist. LEXIS 150507, at *18 (S.D.N.Y. Oct. 18,

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

2013) (dismissing Section 1637(b)(7) claim because the "total balance and interest costs were both accurately listed on the first page of each of his monthly statements"). Therefore, his claims under Section 1637(b)(7) must be dismissed with prejudice.

**Fourth**, the use of the Board's model disclosure forms (as contained in Appendix G to Regulation Z) "shall be deemed to be in compliance with the disclosure provisions" of TILA and is an absolute defense to TILA liability. *See* 15 U.S.C. §§ 1604(b), 1640(f); 12 C.F.R. App. Pt. 1026 G; *Gibson v. Bob Watson Chevrolet-GEO, Inc.*, 112 F.3d 283, 286 (7th Cir. 1997); *see also Rubino v. Circuit City Stores*, 324 Ill. App. 3d 931, 941–42, 758 N.E. 2d 1, 8–9 (Ill. App. Ct. 2001) (holding that the use of model forms "is an absolute defense to TILA liability," including for purported 15 U.S.C. § 1637(b)(7) claims). The periodic statements make clear that Citibank utilized the language of Regulation Z, its model disclosure forms, and its official comments in making disclosures regarding the amount of the balance to which a periodic rate was applied and an explanation of how that balance was determined. *Compare* Ex. 1 *with* 12 C.F.R. App. Pt. 1026 G-18(F), (G). Thus, the claim fails as a matter of law. *See Musgrove v. Discover Fin. Servs.*, 2014 U.S. Dist. LEXIS 117301 (S.D. Miss. Aug. 22, 2014) (dismissing claim under Section 1637(b)(7) where periodic account statement provided (i) balance on which finance charge was computed, and (ii) explanation of how balance was determined).

**Finally**, Plaintiff merely parrots the applicable statutory language for each claim without providing any specific, factual allegations in support thereof. *See Nayab v. Capital One Bank (USA)*, N.A., 942 F.3d 480, 502 (9th Cir. 2019) (noting that allegations containing only "'naked assertions' parroting the language of the statute in a 'formulaic recitation of the elements of a cause of action'" are fatal to a plaintiff's claim under 12(b)(6)). Based upon the allegations of the Complaint and billing statements, Citibank has clearly complied with its disclosure obligations

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

under TILA.  For example, Plaintiff's Section 1637(b)(7) claim requires that the statement disclose the balance used to compute the finance charge and state how the balance was determined—all of which is clearly disclosed on the periodic statements.  *See* Ex. 1.  Put differently, the "Previous Balance" listed on the September 2018 Statement is listed correctly because Plaintiff failed to make his prior payment.  This is clear from the September 2018 Statement (and all subsequent statements), as wells as from the allegations of the Complaint.  *See* Ex. 1; Compl. ¶ 9.  In reality, Plaintiff does not contend that Citibank did ***not*** disclose what is required by TILA and Regulation Z; rather, he only states his unfounded belief that a ***different*** amount should have been disclosed.  To the extent such a claim exists— which Citibank disputes—it is not a ***disclosure*** as contemplated by Section 1637(b)(3) or (7).  Accordingly, Claims 2 through 8 must be dismissed.

### 2.      Claim 9 Should Be Dismissed Because the Complaint Does Not Reference an Extension of Credit.

Section 1637(b)(2) requires that a creditor provide the "amount and date of each extension of credit during the period, and a brief identification" of the "extension of credit." (emphasis added).  While Plaintiff alleges that Citibank violated section 1637(b)(2) by transmitting the January 2019 Statement, which listed a "12/24/18 $35 ***credit***" that predates the first day of the billing period, December 25, 2018 (*see* Compl. at ¶¶ 144–45), the January Statement clearly shows that the entry is a $35.00 ***refund*** of a late fee incurred during the previous billing period, ***not*** an extension of credit as set forth under TILA.  *See* Ex. 1 at 15.  Therefore, Plaintiff states no viable claim for violation of Section 1637(b)(2), and the claim must be dismissed.

### 3.      Plaintiff's TILA Claims For Actual Damages Fail Because Plaintiff Cannot Demonstrate Detrimental Reliance Or Causation.

Under TILA, a consumer may recover "any actual damage sustained . . . as a

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

result of the failure."  15 U.S.C. § 1640(a)(1).  To prevail upon a claim for actual damages, a ***plaintiff must demonstrate detrimental reliance*** as a result of the alleged disclosure violation.  *See Gold Country Lenders v. Smith (In re Smith)*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("We join with other circuits and hold that in order to receive actual damages for a TILA violation . . . a borrower must establish detrimental reliance."); *see also Perrone v. General Motors Acceptance Corp.*, 232 F.3d 433 (5th Cir. 2000) (same).

Here, the Complaint is devoid of well-pleaded factual allegations raising a plausible inference that Plaintiff sustained any actual damage or altered his behavior as a result of the alleged TILA disclosure violations.  Nowhere does Plaintiff allege that he relied to his detriment on any of the alleged disclosure violations, much less that he was damaged thereby.  These omissions—as to both reliance on any alleged inaccurate disclosures and actual damages caused by same—are fatal to his ability to proceed with TILA claims on an "actual damage" theory.  *See e.g.*, *Gensmer v. Capital One N.A.*, No. 18-0361-WS-M) 2018 U.S. Dist. LEXIS 211887, at *13 (S.D. Ala. Dec. 17, 2018) (dismissing Section 1637(b)(2) claim for actual damages) (citing *Owner-Operator Indep. Drivers Ass'n v. Landstar Sys., Inc.*, 622 F.3d 1307, 1326 (11th Cir. 2010) ("To recover actual damages [under § 1640(a) of TILA], consumers must show that they suffered a loss because they relied on an inaccurate or incomplete disclosure.") (citation omitted)).

Accordingly, with no viable claim for actual damages, Plaintiff has failed to state a TILA claim upon which relief may be granted and, therefore, the claim should be dismissed with prejudice.

**4.      Plaintiff Is Not Entitled To Statutory Damages For Violation of 15 U.S.C. § 1637(b)(2) and (3).**

Pursuant to 15 U.S.C. § 1640(a), a plaintiff may recover statutory damages for disclosure violations of Section 1637(b) ***only*** for violations of the subsections

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400

expressly listed in 15 U.S.C. § 1640(a), i.e., "any of paragraphs (4) through (13) of section 1637(b) of this title." Therefore, under Section 1640(a)(4), recovery of statutory damages is plainly limited to specific violations of disclosure requirements of 15 U.S.C. § 1637(b) and, as such, damages are not available for violations not enumerated in the statute. *See e.g.*, *Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 992 (7th Cir. 2000) (holding that section 1640(a) "means what it says, that 'only' violations of the subsections specifically enumerated in that clause support statutory damages"); *Gensmer*, 2018 U.S. Dist. LEXIS 211887, *15 ("Pursuant to § 1640(a), statutory damages are not available for violations of the disclosure requirements set forth in § 1637(b)(2).").

Because, under TILA, Plaintiff cannot recover statutory damages for violations of § 1637(b)(2) and (3), as matter of law, Plaintiff's claims for statutory damages in Claims 2 through 9 must be dismissed with prejudice.

### 5. Plaintiff's TILA Claims Fail Under 15 U.S.C. § 1640(g) Because Plaintiff Seeks Multiple Recoveries For a Single Disclosure Violation.

It is well settled that, under 15 U.S.C. § 1640(g), a plaintiff is not entitled to multiple recoveries for disclosure violations, no matter how many violations are alleged. *See* 15 U.S.C. § 1640(g); *see also Lyon v. Chase Bank USA*, N.A., 656 F.3d 877 (9th Cir. 2011) (holding that Congress expressly limited a plaintiff's recovery for multiple violations of TILA where the violations involved multiple failures to disclose); *St. Germain v. Bank of Haw.*, 573 F.2d 572, 577 n.7 (9th Cir. 1977) (holding that § 1640(g) applies to limit a plaintiff's recovery based on "multiple failures to disclose" credit terms specified by the TILA), *abrogated in part on other grounds by Ford Motor Credit Co. Milhollin*, 444 U.S. 555, 559 (1980); *Sneed v. Beneficial Fin. Co.*, 410 F. Supp. 1135, 19 U.C.C. Rep. Serv. (CBC) 1223 (D. Haw. 1976); *Cadmus v. Commercial Credit Plan*, 437 F. Supp. 1018 (D. Del. 1977) ("Any

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

DMWEST #39840078 v4

12

one violation is sufficient to activate civil remedies section of Truth in Lending Act, and no matter how many violations are found there can be only one recovery."). Thus, as a matter of law, Plaintiff fails to state a plausible claim for relief for multiple recoveries under TILA for the alleged disclosure violations, and Claims 2 through 9 must be dismissed. *See Lyon*, 656 F.3d 877.

**D.     Plaintiff's FCBA Claims Should Be Dismissed Because he has not Alleged the Existence of a Billing Error**

Congress enacted the FCBA in order to regulate billing disputes involving "open end consumer credit plans." *Lyon*, 656 F.3d at (citing 15 U.S.C. § 1666; *Gray v. Am. Express Co.*, 743 F.2d 10, 13 (D.C. Cir. 1984)). Under the FCBA, a debtor is permitted to challenge certain types of "billing errors" on their periodic credit card statements. *See Esquibel v. Chase Manhattan Bank USA, N.A.*, 276 Fed. App'x. 393 (5th Cir. 2008). In order for a plaintiff to succeed on a claim under 15 U.S.C. § 1666, he must demonstrate (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of the statute. *Cunningham v. Bank One*, 487 F. Supp. 2d 1189, 1190 (W.D. Wash. 2007) (citation omitted). The FCBA identifies seven categories of what constitutes a "billing error." *See* 15 U.S.C. § 1666(b)(1)–(7). When, as here, a complaint fails to identify a specific "billing error" within the meaning of Section 1666(b), the complaint fails to state a plausible claim for relief, and it should be dismissed under Rule 12(b)(6).[4]

---

[4] *See e.g.*, *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275 (N.D. Ga. 2009) (disputing account balance without identifying specific error does not constitute a billing error); *Silva v. Barclays Bank Del.*, 2014 U.S. Dist. LEXIS 156889 (D. Or. Oct. 14, 2014) (dismissing "billing error" claim because plaintiff failed to identify the amount at issue or any particular charge); *Theriault v. FIA Card Servs., N.A.*, 2008 U.S. Dist. LEXIS 112034, 2008 WL 2787465, at *5 (E.D. La. July 17, 2008) (holding that letter did not give creditor notice of a billing error because it "merely stated that [the obligor] disputed the correctness of his entire account balance," and "did not

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

13

DMWEST #39840078 v4

Other than conclusory statements that he sent a "billing error" to Citibank, nowhere in the Complaint does Plaintiff identify the specific "billing error" or corresponding subsection of Section 1666(b) purportedly referenced in his letters to Citibank.  This is true notwithstanding that Complaint consists of 47 pages and 305 paragraphs.  Instead, Citibank and the Court are left to speculate as to the basis for the dispute.  Absent a viable "billing error," any obligations Citibank might have under the FCBA are not triggered.  *See Daniel*, 650 F. Supp 2d 1275 ("Plaintiff's statements that the entire balance was in dispute, without identifying the specific transactions that caused the balance to be incorrect, was not a sufficient notice of billing error and did not trigger defendant's duty to respond.").  Accordingly, because the Complaint lacks sufficient factual allegations, Claims 10 through 25 fail to state a plausible claim for relief and must be dismissed.

**E.** **Plaintiff's Breach of Contract Claim Should be Dismissed.**

The card agreement governing the account includes a South Dakota choice of law provision.[5]  *See* Ex. 2 at 16.  To prevail on a breach of contract claim under South Dakota law, a party must show (1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages.  *Gul v. Ctr. For Family Med.*, 2009 SD 12 (2009) (citing *Guthmiller v. Deloitte & Touche, LLP*, 2005 SD 77 (2005)).  Claim 1 for breach of contract fails to state a claim because any damages Plaintiff may have incurred where as a result of his failure to pay the minimum amount by the payment

_____

establish with any specificity an error in regard to an extension of credit, an erroneous charge for goods or services which he did not receive, an erroneous reflection of a payment made on the account, a computational error, or a failure to send an account statement"); *Ayala v. Am. Express Travel Related Servs. Co., Inc.*, 2009 U.S. Dist. LEXIS 50210 (D.P.R. 2009) ("finance charge does not constitute a billing error, for it is not an extension of credit" under the FCBA).

[5] As another document that forms the basis of Plaintiff's claims, and which is relied upon extensively in the Complaint, the Court can consider the Card Agreement pursuant to the Incorporation by Reference doctrine.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

DMWEST #39840078 v4

14

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

1  due date, and not Citibank's decision not to accept his cash payment.  While

2  Plaintiff alleges that Citibank declined to accept his cash payment at the ATM on

3  August 25, 2018, Plaintiff fails to acknowledge that his payment due date was

4  September 20, 2018.  *See* Ex. 1 at 4.  Thus, Plaintiff had **26** days to make his

5  payment before it would be past due.  Rather than pay by some other means—by

6  mail, by phone, online, or by check or money order at any branch at a later date—

7  Plaintiff refused, breaching his own obligations under the card agreement.  *See* Ex. 2

8  at 13.  Accordingly, any purported "damage" suffered is due to Plaintiff's decision

9  not to make a payment prior to the payment due date and, by failing to meet his own

10  contractual obligations, Plaintiff cannot state a claim for breach of contract.

11      In the alternative, the Court should decline to exercise supplemental

12  jurisdiction over Plaintiff's state-law breach of contract claim because Plaintiff's

13  federal-law claims under TILA and FCBA fail and should be dismissed as

14  demonstrated above.  "[W]hen a district court dismisses on the merits a federal

15  claim over which it had original jurisdiction, it may then decline to exercise

16  supplemental jurisdiction over the remaining state claims, subject to the factors set

17  forth in [28 U.S.C. § 1367(c)(1)–(4)]."  *Herman Family Revocable Tr. v. Teddy*

18  *Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (citation omitted).  "[W]hen all federal law

19  claims are eliminated before trial, the district court is 'duty-bound to take seriously'

20  the responsibility to decline or retain jurisdiction over any remaining state law

21  claims."  *Int'l Longshore & Warehouse Union v. Port of Portland*, 844 F.3d 864,

22  865 n.1 (9th Cir. 2016).

23      As detailed above, Plaintiff's FCBA and TILA claims fail for multiple

24  reasons and should be dismissed.  The absence of a viable federal claim, coupled

25  with the fact that this action is in its nascent stages, warrants dismissal of Plaintiff's

26  state law claim.  *See Exec. Software v. U.S. Dist. Ct.*, 24 F.3d 1545 (9th Cir. 1994)

27  (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S. Ct. 614, 98 L.Ed.2d

28

DMWEST #39840078 v4

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

720 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal claims have dropped out of the lawsuit in its early stages, the federal court should decline the exercise of jurisdiction.") Accordingly, Citibank respectfully requests that the Court decline to exercise jurisdiction over Plaintiff's state law claim and dismiss the claim.

## IV.   **CONCLUSION**

Based upon the foregoing, Citibank respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

DATED:  February 11, 2020

Marcos D. Sasso
sassom@ballardspahr.com
BALLARD SPAHR LLP

*/s/ Marcos D. Sasso*

Marcos D. Sasso

Attorneys for Citibank, N.A.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

DMWEST #39840078 v4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2020, I electronically filed a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Michael N. Anhar
michael.anhar@gmail.com
*Pro Per Plaintiff*

/s/ *Marcos Sasso*
Marcos Sasso, Esq.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

DMWEST #39840078 v4

CERTIFICATE OF SERVICE