Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350
Attorneys for Citibank, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MICHAEL N. ANHAR,<br><br>                Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>                Defendant. | Case No. 1:19-CV-00496-NONE-EPG<br><br>**REPLY IN FURTHER SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS COMPLAINT**<br><br>**Hearing:**<br>Date:  March 20, 2020<br>Time:  10:30 a.m.<br>Courtroom:  4<br><br>Complaint Filed: July 2, 2019<br>Trial Date: None |

DMWEST #39978852 v3

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT .................................................................................................. 1
    A. "Screening" A Complaint Under 28 U.S.C. § 1915(e)(2) Does Not Prevent The Court From Dismissing Plaintiff's Claims. ............... 1
    B. The Complaint Fails To Adhere To Rule 8(a)'s "Short and Plain" Requirement. ................................................................................. 3
    C. The Complaint Fails To State a Plausible Entitlement to Relief Under Rule 12(b)(6). ........................................................................... 5
        1. Plaintiff's Addition Of 100 Pages Of Exhibits Cannot Save His Complaint From Dismissal. .......................................... 5
        2. Plaintiff's TILA Claims Should Be Dismissed. ......................... 6
        3. Plaintiff Concedes That He Has Not Alleged A Billing Error Under the FCBA. ............................................................ 10
        4. Plaintiff Cannot Demonstrate Actual Damages Under The TILA Or The FCBA. ........................................................... 11
        5. Plaintiff's Breach Of Contract Claim Should Be Dismissed Because He Has Failed to Adequately Allege He Suffered Any Damages. ........................................................ 12
III. CONCLUSION ............................................................................................. 14

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

DMWEST #39978852 v3                                i

REPLY IN FURTHER SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS COMPLAINT

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Express Co. v. Koerner*,
   452 U.S. 233 (1981) ........................................................................................7

*Brown v. Martinez*,
   No. 2:13-cv-2369, 2015 U.S. Dist. LEXIS 104756
   (E.D. Cal. Aug. 7, 2015)..................................................................................2

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) .........................................................................5

*Daniel v. Chase Bank USA, N.A.*,
   650 F. Supp. 2d 1275 (N.D. Ga. 2009) .........................................................10

*Deschaaf v. Am. Valet & Limousine Inc.*,
   234 F. Supp. 3d 964 (D. Ariz. 2017)..............................................................12

*Esquibel v. Chase Manhattan Bank USA, N.A.*,
   487 F. Supp. 2d 818 (S.D. Tex. 2007) (5th Cir. 2008).....................................7

*Fabbrini v. City of Dunsmuir*,
   544 F. Supp. 2d 1044 (E.D. Cal. 2008) ...........................................................5

*Gerritsen v. Warner Bros. Entm't Inc.*,
   112 F. Supp. 3d 1011 (C.D. Cal. 2015)...........................................................5

*Gilmour v. Gates, McDonald & Co.*,
   382 F.3d 1312 (11th Cir. 2004).......................................................................5

*Herman Family Revocable Tr. v. Teddy Bear*,
   254 F.3d 802 (9th Cir. 2001) .........................................................................13

*Int'l Longshore & Warehouse Union v. Port of Portland*,
   844 F.3d 864 (9th Cir. 2016) .........................................................................13

*Lyon v. Chase Bank Unites States, N.A.*,
   656 F.3d 977 (9th Cir. 2011) .........................................................................11

*McHenry v. Renne*,
 84 F.3d 1172 (9th Cir. 1996) ................................................................................... 4

*Morgan Distrib. Co. v. Unidynamic*,
 868 F.2d 992 (8th Cir. 1989) ................................................................................... 5

*Murray v. GMAC Mortg. Corp.*,
 434 F.3d 948 (7th Cir. 2006) ................................................................................. 12

*Nevijel v. North Coast Life Ins. Co.*,
 651 F.2d 671 (9th Cir. 1981) ................................................................................... 4

*Parker v. Capital One Auto Fin.*,
 No. 1:15-cv-00826, 2016 U.S. Dist. LEXIS 2014
 (S.D. Ind. Jan. 7, 2016) ........................................................................................... 2

*Reeder v. HSBC USA, Inc.*,
 2009 U.S. Dist. LEXIS 114651 (N.D. Ill. Dec. 8, 2009) ....................................... 6

*Rucker v. Sheehy Alexandria, Inc.*,
 228 F. Supp. 2d 711 (E.D. Va. 2002) .................................................................. 11

*Schwartz v. HSBC Bank USA, N.A.*,
 2013 U.S. Dist. LEXIS 150507 (S.D.N.Y. Oct. 18, 2013) .................................... 8

*Silva v. Barclays Bank Del.*,
 2014 U.S. Dist. LEXIS 156889 (D. Or. Oct. 14, 2014) ....................................... 10

*In re Smith*,
 289 F.3d 1155 (9th Cir. 2002) ............................................................................... 11

*Theriault v. FIA Card Servs., N.A.*,
 2008 U.S. Dist. LEXIS 112034, 2008 WL 2787465
 (E.D. La. July 17, 2008) ........................................................................................ 10

*Walsh v. Nev. Dep't of Human Res.*,
 471 F.3d 1033 (9th Cir. 2006) ........................................................................... 7, 13

*Commw.* ex. rel *Zimmerman v. PepsiCo., Inc.*,
 836 F.2d 173 (3d Cir. 1988) .................................................................................... 5

DMWEST #39978852 v3                          iii
REPLY IN FURTHER SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO
DISMISS COMPLAINT

**Statutes**

15 U. S. C. § 1602 (f) ............................................................................................................. 7

15 U.S.C. § 1637(b)(3) ....................................................................................................... 6, 8

15 U.S.C. § 1637(b)(7) ....................................................................................................... 8, 9

15 U.S.C. §1640(g) ................................................................................................................ 6

15 U.S.C. § 1666(b) .............................................................................................................. 10

28 U.S.C. § 1915(e)(2) ........................................................................................................ 1, 2

**Other Authorities**

Fed. R. Civ. P. 8(a) ........................................................................................................ 3. 4, 5

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 3, 5, 7, 10

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

# I. INTRODUCTION

Defendant Citibank, N.A. ("Citibank")[1] by its undersigned counsel, submits this reply memorandum of law in further support of its Motion to Dismiss the Complaint filed by plaintiff Michael N. Anhar ("Plaintiff") and in response to Plaintiff's Verified Opposition to Defendant's Motion to Dismiss Complaint (the "Opposition").

As set forth in the Motion, the grounds for Citibank's Motion are clearly identified, black letter law that incontrovertibly apply to Plaintiff's claims. Rather than dispute the legal bases upon which Citibank seeks dismissal of his claims or *any* of the cases cited in support thereof, Plaintiff attempts to distract the Court by laboriously disputing semantics and annexing over ***100 pages*** of new exhibits to an already forty-seven page, 305-paragraph complaint, in a desperate attempt to avoid dismissal. Furthermore, as set forth below, to the extent Plaintiff has failed to respond to Citibank's arguments, he has effectively waived his opposition thereto.

Accordingly, for the reasons set forth in Citibank's Motion and this reply memorandum in support thereof, Plaintiff's claims against Citibank should be dismissed with prejudice.

# II. ARGUMENT

## A. "Screening" A Complaint Under 28 U.S.C. § 1915(e)(2) Does Not Prevent The Court From Dismissing Plaintiff's Claims.

Under 28 U.S.C. § 1915(e)(2), the court must determine, in any case in which a plaintiff is proceeding *in forma pauperis*, whether the Complaint "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief. *Id.* In the event the court determines that a complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Plaintiff's primary argument—that the

---

[1] Unless otherwise noted, terms have the same meaning as in the Motion.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

Motion is "moot" because Magistrate Judge Grosjean favorably "screened" the Complaint, which was later adopted by Chief Judge O'Neill, dismissing with prejudice his criminal claims, while allowing his civil claims to proceed—fails for two critical reasons.

First, Plaintiff's argument is patently wrong.  As recognized by numerous courts, including this Court, a screening order under 28 U.S.C. § 1915(e)(2) does not prevent a defendant from subsequently moving to dismiss the "screened" complaint pursuant to Federal Rule of Civil Procedure 12(b).  *See Parker v. Capital One Auto Fin.*, No. 1:15-cv-00826, 2016 U.S. Dist. LEXIS 2014, *6 (S.D. Ind. Jan. 7, 2016) (holding that a screening order under 28 U.S.C. § 1915(e)(2) "did not prevent any defendant from filing a subsequent motion to dismiss and, in fact, could not do so," because Federal Rule of Civil Procedure 12 "dictates the timing and manner in which a defendant must answer or otherwise respond to a complaint"); *see also Brown v. Martinez*, No. 2:13-cv-2369, 2015 U.S. Dist. LEXIS 104756 (E.D. Cal. Aug. 7, 2015) (recommending dismissal of plaintiff's claims, *in this exact court*, upon defendant's motion, even after favorably screening the claims in accordance with 28 U.S.C. § 1915(e)(2)).  Indeed, 28 U.S.C. § 1915(e)(2) provides that, notwithstanding screening of a complaint, "the court shall dismiss the case *at any time*" if it determines that a complaint fails to state a claim upon which relief may be granted (emphasis added).[2]  Taken to its

---

[2]   Plaintiff argues, without any support whatsoever, that Citibank cannot file a Motion to Dismiss, because "it failed to secure an extension of time to file/serve an *Answer* to the Complaint."  Opp. at 3–4 (emphasis in original).  Initially, this argument ignores the fact that Citibank timely filed its Motion to Dismiss by February 11, 2020—the date that Plaintiff admits was the correct response date based upon the return of service.  *See* Opp. at 5; ECF No.: 30 (ordering that Plaintiff's motion to correct the due date of Citibank's answer was rendered moot by the filing of the instant Motion).  Further, Plaintiff plainly ignores the language of Federal Rule of Civil Procedure 12, which provides in pertinent part that a motion to dismiss for failure to state a claim upon which relief can be granted "must be made *before* pleading if a responsive pleading is allowed" and that such a

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

1  logical conclusion, Plaintiff's argument would result in a unilateral waiver of
2  Citibank's due process rights under Rule 12 to substantively address deficient
3  claims in response to a complaint, as plainly permitted by Rule 12.  The cited
4  authorities confirm this is not permitted.

5  Second, the Motion raises substantive arguments challenging the sufficiency
6  of the Complaint that were not addressed by the Court's "screening" order.
7  Because Citibank had not been served with the Complaint, it was not aware of and
8  could not respond to the Complaint's various deficiencies.  Indeed, the Court
9  specifically notes that ***"for the purposes of screening only,"*** Plaintiff's civil claims
10 were permitted to proceed.  Magistrate's Findings and Recommendations ("Mag.
11 Op.") at 1, 11.  Moreover, the Court makes clear that Plaintiff's claims were
12 sufficient ***"at the screening stage"*** to allow the Complaint ***to be served upon***
13 Citibank.  Mag. Op. at 5–6, 8–9, 11.  At no point in the Findings and
14 Recommendations, does the Court substantively analyze Plaintiff's allegations in
15 the context of the relevant statutes and applicable case law, or conclude that
16 Citibank is precluded from moving to dismiss the Complaint, pursuant to Rule 12.

17 Quite simply, the Court should decline to consider Plaintiff's argument that
18 Citibank's Motion is rendered "moot" because the Complaint was previously
19 screened.  While this fact, alone, warrants dismissal of the Complaint due to the
20 degree upon which it is relied by Plaintiff, Citibank addresses the remainder of
21 Plaintiff's meritless arguments below.

22 **B.  The Complaint Fails To Adhere To Rule 8(a)'s "Short and Plain"**
23     **Requirement.**

24 In support of his claim that he has made a short and plain statement of the

---

26 motion is waived if not asserted in the first responsive filing.  *See* Fed. R. Civ. P.
27 12(b)(6) (emphasis added).  Therefore, any request for sanctions based upon the
   foregoing argument must be rejected.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

facts entitling him to relief as required by Federal Rule of Civil Procedure 8(a), Plaintiff relies upon the conclusory assertion that the Complaint "pleads pure material facts and precise requisite elements that aren't only possible but plausible, probable, and ultimately provable," and further claims that "two judges in this district concluded the Complaint properly pleads Citibank's state-law breach of contract, eight civil violations of the TILA, and 16 civil violations of the FCBA." *See* Opp. at 12.  While the latter argument is misleading and false (as discussed above), the addition of 100 pages of addenda and exhibits to the Opposition demonstrates that the Complaint—as drafted—does not set out a "short and plain statement" of the claim.  Similarly, the excessive length of the Complaint (even without the addition of 100 new pages) coupled with the substantive deficiencies of its allegations—both factual and legal—exemplify why the Complaint as drafted fails to meet the Rule 8 requirements.

Furthermore, the voluminous and random allegations of the Complaint do not clearly tie in to the alleged claims.  *See e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (dismissing plaintiff's fifty-three page complaint where it, *inter alia*, "mixe[d] allegations of relevant facts, irrelevant facts . . . and legal argument in a confusing way" and did not adequately link its factual allegations to actual legal claims, and further noting that if the court did not correctly understand the averments, "plaintiffs have only themselves to blame"); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (upholding the dismissal of a plaintiff's complaint under Rule 8(a) where it was forty-eight pages and contained merely an additional twenty-three pages of addenda and exhibits).  The uncertainty and irrelevance of the allegations of the forty-seven page, 305 paragraph Complaint is exacerbated by the addition of 100 pages of new "exhibits."[3]

---

[3]     Contrary to Plaintiff's mischaracterizations, the Motion clearly states that the Court previously dismissed the alleged criminal claims under the TILA and the

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

For these reasons, as well as the reasons set forth in Citibank's Motion, the Complaint should be dismissed with prejudice for failing to comply with Rule 8.

## C. The Complaint Fails To State a Plausible Entitlement to Relief Under Rule 12(b)(6).

### 1. Plaintiff's Addition Of 100 Pages Of Exhibits Cannot Save His Complaint From Dismissal.

In an effort to demonstrate that the Complaint should not be dismissed, Plaintiff relies upon the newly annexed 100 pages of exhibits in an effort to seemingly amend the allegations of the Complaint. However, it is well settled that a plaintiff cannot seek to amend a complaint in the guise of an opposition to a duly filed motion to dismiss. *See e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 n.93 (C.D. Cal. 2015); *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1050 (E.D. Cal. 2008) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that a plaintiff cannot amend a complaint through a brief); *Commw.* ex. rel *Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)) (quoting *Car Carriers, Inc.*, 745 F.2d at 1107 ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

"To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic*, 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted). This is precisely the strategy employed by Plaintiff here. Plaintiff offers no basis for why the additional documents should be considered (for example, under the doctrines of judicial notice or incorporation by reference). Accordingly, Plaintiff's efforts to salvage the Complaint by reliance upon the new

---

FCBA. *See* Motion at 3, n.2.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

"exhibits," as opposed to the original allegations in the complaint, should not be countenanced.

### 2. Plaintiff's TILA Claims Should Be Dismissed.

Plaintiff concedes that he is not entitled to recover statutory damages under §1637(b)(2), or for multiple recoveries of TILA disclosure violations under 15 U.S.C. §1640(g), *see* Opp. at 20. Thus, the Motion should be granted with respect to these claims.

Furthermore, Plaintiff's remaining arguments are inapposite for multiple reasons.

*First*, Plaintiff ignores Citibank's argument, and the case law cited in support thereof, that his § 1637(b)(3) claims fail because the subsection only covers "amount[s] *credited* to the account." *Id.* (emphasis added). Despite his attempts to re-characterize his claims to avoid dismissal, Plaintiff's argument distills to the following: by arguing "Citibank wrongfully refused to set forth the post-credit correct balance" to $0 he is stating that Citibank *failed to credit* his account. There is no other logical interpretation of his claims. Indeed, Plaintiff admits this fact. *See* Opp. at 16. As made clear in the Motion, where a plaintiff argues that it *did not receive a proper credit*, as here, any claims under § 1637(b)(3) are foreclosed as a matter of law. *See e.g.*, *Reeder v. HSBC USA, Inc.*, 2009 U.S. Dist. LEXIS 114651 (N.D. Ill. Dec. 8, 2009) (holding that section 1637(b)(3) is inapplicable when a plaintiff argues that an amount was *not* credited) (citing 15 U.S.C. § 1637(b)(3)).

*Second*, Plaintiff does not address Citibank's argument that the "Previous Balance" on his periodic statements does not constitute a "credit" under 15 U.S.C. §1637(b)(3), except to state that the Magistrate Judge screened the claim to indicate that the "Previous Balance" was, indeed, a credit. As set forth above, the Magistrate Judge's Screening Order does not obviate arguments made as part of a

Rule 12(b)(6) motion to dismiss. As stated in the Motion, under TILA and Reg. Z, the "term 'sale credit' refers to a purchase in which the consumer uses a credit card . . . to obtain goods or services from a merchant . . . ." Motion at 8 (citation omitted). Nothing in TILA or Regulation Z supports Plaintiff's conclusion that "Previous Balance" means "credit." In failing to substantively address this argument, Plaintiff has, in effect, conceded the argument. *See e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that failure to address issue in opposition is deemed waiver).

*Third*, with respect to Claim 9 under § 1637(b)(2), Plaintiff argues that "a return issued by a creditor as a line-item credit is a transaction that necessarily returns to a credit-card account and thus constitutes an extension of credit." *See* Opp. at 18. Plaintiff provides no support—other than his own opinion—for the argument that a refund of a finance charge constitutes an extension of credit. Under TILA and Reg. Z, a "credit" is defined as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." 15 U. S. C. § 1602 (f). The Supreme Court has held that a credit card company extends credit to an individual when "it opens or renews an account, as well as when the cardholder ***actually uses*** the credit card to make purchases." *Am. Express Co. v. Koerner*, 452 U.S. 233, 241 (1981) (emphasis added). Furthermore, it is clear that over-the-limit fees and late fees, as assessed here, are not extensions of credit. *Esquibel v. Chase Manhattan Bank USA, N.A.*, 487 F. Supp. 2d 818, 829 (S.D. Tex. 2007), *aff'd* 276 Fed. App'x 393 (5th Cir. 2008).

Here, that Citibank refunded a previously assessed fee to an account that, by Plaintiff's own admission, he closed and ceased using entirely on August 25, 2018, does not equate to an extension of credit. Compl. ¶ 25; Opp. at 6. Indeed, Plaintiff's last purchase on the account occurred on August 11, 2018. *See* Motion, Ex. 1 at 5. Therefore, Plaintiff cannot credibly allege that the refund of the fee was

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

an extension of credit in accordance with the terms of § 1637(b)(2) because he did not use the account after August 11, 2018 and because the case law makes clear that over-the-limit fees and late fees are not extensions of credit. Because Plaintiff has failed to rebut Citibank's argument (or any the authority cited in support thereof), his claim under § 1637(b)(2) should be dismissed with prejudice.

*Fourth*, in Claims 2–8, Plaintiff alleges that damages are authorized for statutory violations under §§1637(b)(3) and (7). As set forth above and further in the Motion, Plaintiff cannot recover statutory damages under TILA for violations of § 1637(b)(2) and (3). *See* Motion at 11–12. Under TILA, statutory damages are only available for violations of subsections (4) through (13) of section 1637(b). *Id.* Therefore, to the extent he seeks to recover statutory damages under this provision, his claim must be dismissed as a matter of law.[4]

*Fifth*, the Opposition demonstrates that Plaintiff cannot state a claim for relief for violation of § 1637(b)(7). There is no dispute that Plaintiff did not pay his account by September 20, 2018; even if the allegation that his cash payment on August 25, 2018 was denied is taken as true, it does not extinguish the fact that he had ***26 days*** to make the payment for that period. He elected not to pay. As a result, his account—which was already over the credit limit—was past due as of the September 2018 Statement. Because the "total balance and interest costs were both accurately listed on the first page of each of his monthly statements," Plaintiff cannot state a plausible claim for relief under § 1637(b)(7). *See Schwartz v. HSBC*

---

[4] Ostensibly, Plaintiff seems to argue that the inclusion of both (b)(3) and (b)(7) claims under one claim somehow prevents his claims under subsection (b)(3) from being dismissed, notwithstanding that the claim (and relief) under (b)(3) is not available as a matter of law. However, as explained in the Motion, Plaintiff is not entitled to relief under §§ 1637(b)(3) or (7). Notwithstanding Plaintiff's meritless argument, much like the Court dismissed Plaintiff's allegations of criminal violations under the TILA and the FCBA throughout his Complaint while preserving his civil allegations, the Court may dismiss either or both of Plaintiff's §§ 1637(b)(3) and (7) claims in Claims 2–8. The fact that they are included in the same Claim has no bearing on their respective dismissals.

*Bank USA, N.A.*, 2013 U.S. Dist. LEXIS 150507, at *18 (S.D.N.Y. Oct. 18, 2013) (dismissing Section 1637(b)(7) claim because the "total balance and interest costs were both accurately listed on the first page of each of his monthly statements").

*Sixth*, there is no merit to Plaintiff's claim that Citibank's billing statements are "fraudulent." As stated in the Motion, Citibank utilizes Regulation Z's model forms, which contain the language of Regulation Z, its model disclosure forms, and its official comments in making disclosures regarding the amount of the balance to which a periodic rate was applied and an explanation of how that balance was determined. Rather than address the substance of Citibank's argument—i.e., that the billing statements set forth the disclosures mandated by TILA and Regulation Z—Plaintiff claims that language and images are purportedly missing from Citibank's exhibits of the periodic billing statements. The fundamental problem with Plaintiff's characterization, however, is that he clearly received billing statements from Citibank, each of which, as his "exhibits" expressly set forth, ***contained the proper disclosures as required by TILA***. As a result, Plaintiff's argument fails, and the Motion should be granted.

*Finally*, Plaintiff contends that he "couldn't" have refused to pay the balance on his account because, as a result of Citibank's breach of contract, there was "no obligation to pay," "no balance to pay," no "interest that could've accrued," or "late fees that could've been assessed." However, Plaintiff neglects to acknowledge that *he could have paid at any point* after he alleges that he was unable to make the cash payment on his account. And, most importantly, he had another *26 days* to make the minimum payment on his account before it became delinquent. Even if his attempt to process a cash payment was denied on August 25, 2018, Plaintiff *easily* could have paid by another method and could have brought his account—which at the time was in excess of his credit limit and, therefore, in default—current. He repeatedly *refused* to do so, which in and of

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

itself constitutes a simultaneous breach of the parties' agreement, in addition to any previous failures by Plaintiff to make timely minimum payments on his Account.

### 3. Plaintiff Concedes That He Has Not Alleged A Billing Error Under the FCBA.

As set forth in the Motion to Dismiss, when a complaint fails to identify a specific "billing error" within the meaning of 15 U.S.C. § 1666(b), the complaint fails to state a plausible claim for relief and, therefore, should be dismissed pursuant to Rule 12(b)(6). *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275 (N.D. Ga. 2009) ("Plaintiff's statements that the entire balance was in dispute, without identifying the specific transactions that caused the balance to be incorrect, was not a sufficient notice of billing error and did not trigger defendant's duty to respond."); *Silva v. Barclays Bank Del.*, 2014 U.S. Dist. LEXIS 156889 (D. Or. Oct. 14, 2014) (dismissing "billing error" claim because plaintiff failed to identify the amount at issue or any particular charge); *Theriault v. FIA Card Servs., N.A.*, 2008 U.S. Dist. LEXIS 112034, 2008 WL 2787465, at *5 (E.D. La. July 17, 2008) (holding that letter did not give creditor notice of a billing error because it "merely stated that [the obligor] disputed the correctness of his entire account balance," and "did not establish with any specificity an error in regard to an extension of credit, an erroneous charge for goods or services which he did not receive, an erroneous reflection of a payment made on the account, a computational error, or a failure to send an account statement").

Rather than dispute that he has failed to allege a "billing error" as defined by the FCBA or distinguish *any* of the cases cited in support thereof, Plaintiff inadvertently *concedes* that he *cannot* allege the existence of any such billing error. Plaintiff asserts that Citibank's argument is a "facially absurd red herring" and references twenty-two supposed letters annexed to his Opposition, but these letters, in fact, confirm that his FCBA claims are *foreclosed* as a matter of law.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

Each purported letter confirms that Plaintiff seemingly attempted to dispute the account balance *in its entirety* and *without reference to any specific "billing error"* as required by the FCBA.  At one point, Plaintiff even admits that his dispute "is not predicated upon a transaction," but rather an alleged breach of contract, which is, notably, not included in the seven categories of billing errors under the FCBA.  *See* Opp., Ex. C., Oct. 22, 2018 Letter ¶ 8.  Furthermore, Plaintiff also acknowledges that he does not raise a "calculation issue" in any of his letters and, instead, raises a "contractual issue."  *See* Opp., Ex. C., Dec. 18, 2018 Letter ¶ 6.  Thus, as a matter of law and fact, because Plaintiff did not properly dispute any "billing error" in accordance with the FCBA, Citibank did not have any duty under the FCBA to respond thereto.  Accordingly, as set forth in the Motion to Dismiss, Plaintiff's FCBA claims should be dismissed with prejudice.

### 4. Plaintiff Cannot Demonstrate Actual Damages Under The TILA Or The FCBA.

To support actual damages for a TILA violation, it is clear that a plaintiff must establish detrimental reliance.  *See In re Smith*, 289 F.3d 1155, 1156–57 (9th Cir. 2002) ("Without any evidence in the record to show that Smith would either have secured a better interest rate elsewhere, or foregone the loan completely, her argument must fail—she presents no proof of any detrimental reliance, i.e., any actual damage."); *see also Rucker v. Sheehy Alexandria, Inc.*, 228 F. Supp. 2d 711, 719–20 (E.D. Va. 2002), *reconsideration denied*, 244 F. Supp. 2d 618 (E.D. Va. 2003) (holding that a TILA consumer must show that she read the TILA disclosure statement, understood charges and, had they been accurate, would have sought a lower price).  While detrimental reliance is not required under the FCBA, a plaintiff must still demonstrate what *actual* damage it has suffered in order to recover under the FCBA.  *See Lyon v. Chase Bank Unites States, N.A.*, 656 F.3d 977 (9th Cir. 2011).

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

In response to Citibank's argument that the Complaint is devoid of any well-pleaded factual allegations raising a plausible inference that Plaintiff sustained any actual damages, Plaintiff simply references the text of his Complaint and states that the issue of actual damages must be resolved by the finder of fact.  *See* Opp. at 18. Plaintiff makes only one reference to any actual damages in his Complaint, in his demand for relief.  *See* Compl. at 45–46, Demand for Relief ¶ 3.  This single, conclusory allegation is insufficient to meet his burden to show that he has suffered *actual* damages under the TILA and the FCBA as a result of Citibank's conduct.

Plaintiff entirely fails to explain how he ***detrimentally relied upon*** any of the supposed "disclosure" violations in any fashion or that such reliance caused him ***actual damages***.  For instance, at no point does he allege, or provide any evidence (including within the 100 pages of new "exhibits") of any actual loss suffered as a result of his reliance upon Citibank's conduct.  The allegations of actual damages as set forth in the Complaint are, therefore, ***incapable of establishing any entitlement to relief*** because Plaintiff has not demonstrated that he suffered any ***actual*** damages.  Stated differently, allegations of minor inconveniences, as set forth in the Complaint, simply do not give rise to actual damages.  *See e.g.*, *Deschaaf v. Am. Valet & Limousine Inc.*, 234 F. Supp. 3d 964, 970 n.7 (D. Ariz. 2017) (noting that minor inconveniences do not typically give rise to actual damages, which is why statutory damages exist) (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)).  Accordingly, because he has not set forth any entitlement to recover damages actually suffered, Plaintiff's claims for actual damages should be dismissed with prejudice.

### 5. Plaintiff's Breach Of Contract Claim Should Be Dismissed Because He Has Failed to Adequately Allege He Suffered Any Damages.

While Plaintiff contends that Citibank cannot claim that he breached the

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

parties' contract, which Citibank disputes, Plaintiff does not address Citibank's argument that he has not plausibly alleged that he has suffered any damages from Citibank's purported breach of contract, which is plainly required in order to establish a breach of contract claim.  As set forth above and in the Motion, Plaintiff has not, and now ***cannot***, allege that he has suffered any loss or other damages resulting from Citibank's alleged breach of contract.  The only allegation in the Complaint referencing "actual damages" plainly fails to demonstrate any quantifiable loss suffered by Plaintiff as a result of Citibank's actions.  *See* Compl. at 45–46, Demand for Relief ¶ 3.  This, coupled with Plaintiff's explicit failure to mitigate his purported damages, i.e. by making a payment even after Citibank's purported "breach," bars Plaintiff's claim.  Furthermore, by failing to address Citibank's damages argument in any regard, Plaintiff has waived his opposition thereto.  *See Walsh*, 471 F.3d at 1037 (holding that failure to address issue in opposition is deemed waiver).  Accordingly, the Court should dismiss Plaintiff's breach of contract claim with prejudice.[5]

---

[5] Plaintiff's argument that because the Court has already exercised supplemental jurisdiction over his breach of contract claim it, therefore, cannot dismiss the claim, is equally meritless.  Ninth Circuit case law clearly provides "when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (citation omitted); *see also Int'l Longshore & Warehouse Union v. Port of Portland*, 844 F.3d 864, 865 n.1 (9th Cir. 2016) (advising that when all federal law claims are eliminated before trial, the district court is "duty-bound to take seriously the responsibility to decline or retain jurisdiction over any remaining state law claims") (citation omitted).  Here, Citibank has persuasively argued for the dismissal of each of Plaintiff's federal claims.  Other than argue that the Court has already exercised supplemental jurisdiction, Plaintiff does not substantively address Citibank's argument.  Accordingly, Citibank is entitled to request that the Court decline to exercise supplemental jurisdiction over Plaintiff's breach of contract claim in the event the Court does not dismiss it on its merits (or lack thereof) along with Plaintiff's federal claims.  *See id.* ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims.").

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

## III.  CONCLUSION

For the foregoing reasons, Citibank respectfully requests that this Court grant its motion to dismiss, deny Plaintiff's Opposition thereto, and dismiss the Complaint filed by Plaintiff in its entirety, and with prejudice.

Respectfully submitted,

DATED:  March 13, 2020

Marcos D. Sasso
sassom@ballardspahr.com
BALLARD SPAHR LLP

_____
Marcos D. Sasso

Attorneys for Defendant, Citibank, N.A.

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, California 90067-2909

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2020, I electronically filed a true and correct copy of the foregoing **REPLY IN FURTHER SUPPORT OF MOTION OF DEFENDANT CITIBANK, N.A. TO DISMISS COMPLAINT** through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

Michael N. Anhar
michael.anhar@gmail.com
*Pro Per Plaintiff*

/s/ *Marcos Sasso*
Marcos Sasso, Esq.

DMWEST #39978852 v3

CERTIFICATE OF SERVICE